UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:17-cv-01718-EAK-TGW

LESHIA BAXTER and ARTHUR,
KESHISHYAN, individually and on behalf of all
others similarly situated,                                                       **CLASS ACTION**

      Plaintiffs,                                                                          **JURY TRIAL DEMANDED**

v.

VSC LLC, a limited liability company,

      Defendant.
_____/

**PLAINTIFFS' MOTION TO EXTEND DEADLINE
TO FILE MOTION FOR CLASS CERTIFICATION**

Plaintiffs, Leshia Baxter and Arthur Keshishyan, pursuant to Local Rule 4.04, respectfully request the Court to extend the time for Plaintiffs to file their Motion for Class Certification. Plaintiffs respectfully request an order permitting them to file their Motion for Class Certification no later than

and state:

    1.    This is a class action under the Telephone Consumer Protection Act. Plaintiffs filed their initial Complaint on July 17, 2017. [ECF No. 1].

    2.    On October 4, 2017, Plaintiffs amended their Complaint to name a new Defendant, VSC, LLC, and drop the two originally named Defendants. [ECF No. 11].

    3.    As of the filing of the instant motion, the Clerk has not yet issued a summons for VSC LLC.

4. Once Defendant appears in the case, Plaintiffs anticipate serving written discovery on Defendant immediately after the parties conduct their Rule 26(f) conference.

5. Additionally, Plaintiffs anticipate taking Defendant's Rule 30(b)(6) corporate designee deposition, as well as the deposition of non-party vendors used by Defendant to obtain Plaintiffs' and the Class Members' telephone numbers and to transmit the calls at issue in the case.

6. Pursuant to Local Rule 4.04, Plaintiffs' Motion for Class Certification must be filed by October 17, 2017. However, the rule permits the Court to grant an extension for good cause shown.

7. Despite their best efforts, Plaintiffs have been unable to obtain discovery sufficient to meet their burden for class certification. Accordingly, Plaintiffs submit that good cause exists for extending the time for the filing of Plaintiffs' Motion for Class Certification by one hundred and twenty (120) days after Defendant appears in the case.

8. The requested extension will allow Plaintiffs to conduct discovery necessary for their Motion for Class Certification.

9. Plaintiffs' request is made in good faith and not for purposes of delay.

## MEMORANDUM OF LAW

Based on issues involved in this case, as well as the need for class-related discovery and the possibility that this Court may need to resolve one or more discovery disputes between the parties, Plaintiffs require an extension of time. The requested extension is necessary to complete class-related discovery which is needed to obtain evidence required to seek certification of a nationwide class of consumers adversely affected by Defendant's practices. Moreover, the requested extension will not conflict with or adversely impact any other scheduling deadline, as the Court has not yet entered a Scheduling Order.

Plaintiffs acknowledge that the requirements of Federal Rule of Civil Procedure 23 cannot be satisfied with a skeletal, perfunctory motion for class certification. A plaintiff "seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law and fact, etc...certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52 (2011); *Hirsch v. Jupiter Golf Club LLC*, 13-80456-CIV, 2015 WL 2254471, at *2 (S.D. Fla. May 13, 2015); *see also Malone v. ING North America Insurance Corporation*, No. 2:11-cv-41-FtM-36SPC (M.D. Fla. May 5, 2011) (allowing an extension of time for the Plaintiff to file for class certification to conduct class discovery).

To expedite the process and meet their burden, Plaintiffs will serve a Request for Production, Request for Admissions, and Interrogatories on Defendant as soon as the parties' Rule 26(f) conference is conducted. Plaintiffs submit that despite diligent efforts, they will be unable to file a complete class certification motion by the date required by Local Rule 4.04. Accordingly, good cause exists for an extension.

**WHEREFORE**, Plaintiff, Leshia Baxter and Arthur Keshishyan, respectfully request this Court enter an order extending the time for Plaintiffs to file their Motion for Class Certification by one hundred and twenty (120) days after Defendant appears in the case.

<u>**COMPLIANCE WITH LOCAL RULE 3.01**</u>

The undersigned hereby certifies that he is unable to comply with Local Rule 3.01 as Defendant has not yet appeared in the case.

Date: October 11, 2017

Respectfully submitted,

| **HIRALDO P.A.** | **LAW OFFICES OF STEFAN COLEMAN P.A.** |
|---|---|
| */s/ Manuel S. Hiraldo* | Stefan Coleman, Esq. |
| Manuel S. Hiraldo, Esq. | Florida Bar No. 00030188 |
| Florida Bar No. 030380 | 201 S. Biscayne Blvd., 28th Floor |
| 401 E. Las Olas Boulevard | Miami, Florida 333131 |
| Suite 1400 | Telephone: (888) 333-9427 |
| Ft. Lauderdale, Florida 33301 | Facsimile: (888) 498-8946 |
| mhiraldo@hiraldolaw.com | |
| Telephone: 954.400.4713 | |
| | |
| *Counsel for Plaintiff and the Class* | *Counsel for Plaintiff and the Class* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 11, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
HIRALDO P.A.
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Florida Bar No. 030380
mhiraldo@hiraldolaw.com
Telephone: 954.400.4713